Filed 8/26/16  P. v. Wilson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL WILSON,<br><br>    Defendant and Appellant. | D069036<br><br><br>(Super. Ct. No. SCN346525) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Daniel Wilson pled guilty to one count of stalking with a court order in effect, in violation of Penal Code[1] section 646.9, subdivision (b), pursuant to a stipulated plea agreement. The trial court sentenced Wilson to formal probation, ordered him to serve 365 days in local custody, permitted him to be released immediately to participate in a residential treatment program, and ordered that upon Wilson's successful completion of a residential treatment program, the balance of Wilson's custody time would be deemed satisfied. Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Wilson was charged with three related domestic violence charges, alleged to have occurred between April 14 and May 14, 2015, against Nancy A, including one count of stalking with a court order in effect (§ 646.9, subd. (b); count 1), one count of making a criminal threat (§ 422; count 2), and one count of corporal injury to a spouse and/or roommate (§ 273.5, subd. (a); count 3).

Wilson pled guilty to count 1, pursuant to a plea agreement, on September 15, 2015. The other charges were dismissed. The stipulated plea agreement called for

---

[1]     Further references are to the Penal Code unless otherwise indicated.

Wilson to be sentenced to two years in state prison, with execution of that sentence suspended. According to the terms of the plea agreement, Wilson would be placed on probation, be required to serve 365 days in local custody, but would be deemed "releasable" to a representative of the public defender's office or a representative of a residential treatment program at any time after his sentencing, and would be required to successfully complete a residential treatment program. Any remaining balance of the custody time would be deemed satisfied by successful completion of the treatment program.

Wilson was sentenced consistent with the plea agreement. He received 97 actual days credit, and 96 days good time credit. At sentencing, Wilson's attorney objected to a probation condition listed under paragraph No. 14, which provided:

> "Do not remain in the presence of any person who you know illegally possesses a firearm, deadly weapon, or ammunition. Also, do not remain in a building, in a vehicle, or in the presence of any person when you knowingly have ready access to a firearm, regardless of whether it is lawfully possessed or was lawfully acquired."

In response to the court's inquiry after hearing defense counsel's objection to this probation condition, the probation officer informed the trial court that the language of the proposed probation condition was taken verbatim from *People v. Forrest* (2015) 237 Cal.App.4th 1074. The trial court imposed the condition, over Wilson's objection.

3

III.

DISCUSSION

Wilson's appellate counsel has filed a brief, pursuant to *Wende*, *supra*, 25 Cal.3d 436, in which counsel raises no issues on appeal and requests that we independently review the record. Counsel has identified the following issue that "might arguably support the appeal" (*Anders v. California* (1967) 386 U.S. 738, 744): " 'Did the court err[ ] in imposing probation condition 14(a) over the objection of appellant namely that he ["]not remain in the presence of any person who you know illegally possesses a firearm, deadly weapon, or ammunition. Also, do not remain in a building, in a vehicle, or in the presence of any person when you knowingly have ready access to a firearm, regardless of whether it is lawfully possessed or was [ ]lawfully acquired.["] ' "

On April 18, 2016, we sent a letter to Wilson informing him that his attorney had filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, and offering Wilson 30 days to submit by letter or brief any ground of appeal, contention or argument that he wished us to consider. We did not receive a response from him.[2]

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues.

---

[2]     We sent our letter to Wilson at his address of record in this court. The letter was returned as undeliverable. Wilson has not provided this court with an updated address.

IV.

DISPOSITION

The judgment of the trial court is affirmed.


                                                    AARON, J.

WE CONCUR:

McDONALD, Acting P. J.

PRAGER, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5